IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Donald Rouse, | ) | Case No. 8:22-cv-03800-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dana Nessel, R. Paul Viar, Dennis James, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's allegations of violations of his constitutional rights. ECF Nos. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").

This action was removed to this Court on November 1, 2022. ECF No. 1-1. On November 7, 2022, Defendants filed a Motion to Dismiss ("the First Motion to Dismiss"). ECF No. 13. On November 18, 2022, Plaintiff filed an Amended Complaint. ECF No. 24. Defendants filed a Motion to Dismiss the Amended Complaint ("the Second Motion to Dismiss") on December 1, 2022. ECF No. 27. On March 3, 2023, the Magistrate Judge issued a Report recommending that the First Motion to Dismiss be found as moot and that the Second Motion to Dismiss be granted. ECF No. 33. Plaintiff filed objections to the Report. ECF No. 35.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court agrees with the recommendation of the Magistrate Judge that the First Motion to Dismiss is moot due to the filing of the Amended Complaint. Further, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.

Briefly, Plaintiff alleges various violations of his constitutional rights in the present action. Plaintiff previously filed another action ("the First Case") in this Court against some of the same Defendants; that case was transferred to the District Court for the

Eastern District of Michigan and was later dismissed. *See Rouse v. Nessel*, C/A No. 20-12088, 2021 WL 4452212 (E.D. Mich. Sept. 29, 2021), *aff'd*, No. 21-1630, 2022 WL 13631916 (6th Cir. July 11, 2022).[1] Plaintiff filed a second action ("the Second Case") against the same Defendants and alleging essentially the same facts in the Eastern District of Michigan while the First Case was still pending. *See Rouse v. Nessel*, C/A No. 2:21-cv-00626, 2022 WL 3585719 (E.D. Mich. Aug. 22, 2022). The Michigan court dismissed Plaintiff's First Amendment retaliation and malicious prosecution claims without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994),[2] and *Younger v.*

---

[1] When considering a motion to dismiss, a court may take judicial notice of public filings, including court filings. *Goldfarb v. Mayor of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

[2] In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486. Further, the Supreme Court stated that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

*Harris*, 401 U.S. 37 (1971),[3] because the criminal case arising out of charges filed in 2021 were ongoing. Plaintiff's remaining claims were dismissed pursuant to the *Rooker/Feldman* doctrine, res judicata and collateral estoppel, prosecutorial immunity, and for failure to state a claim.

Here, the Magistrate Judge recommends dismissal of the Plaintiff's action on the basis of res judicata and collateral estoppel. Plaintiff objects and argues that his claims for malicious prosecution and retaliation were previously dismissed without prejudice and, therefore, he is not precluded from raising them again. He further argues that the Second Case only dealt with Defendant Nessel in her official capacity.[4]

### Malicious Prosecution and Retaliation

As stated above, in the Second Case, the Michigan court dismissed Plaintiff's malicious prosecution and retaliation claims without prejudice pursuant to *Heck* and *Younger*. *See Rouse*, 2022 WL 3585719, at *2. Courts have expressed differing views

---

> or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*

[3] *Younger* provides that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

[4] Plaintiff filed lengthy and repetitive objections. The Court has distilled his arguments as set out and will conduct a thorough analysis of these claims. As to any and all other claims brought by Plaintiff, the Court has conducted a de novo review of the record, the applicable law, and the Report. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

as to whether decisions relying on *Heck* or *Younger* operate as rulings on the merits for purposes of res judicata.  *See Whitt v. Seterus, Inc.*, No. 3:17-CV-1753-MBS, 2018 WL 11485096, at *3 (D.S.C. May 14, 2018) ("[T]he court finds that, since Whitt I was dismissed on *Younger* abstention principles, there is no *res judicata* effect on Whitt II, because the prior action was not a final judgement on the merits." (citing *Nivens v. Gilchrist*, 444 F.3d 237, 250 n.9 (2006) (noting that "[a] Younger dismissal is plainly not a merits-based judgment"))); *Morrison v. Myers*, No. 7:14-CV-85, 2015 WL 72129, at *4 (E.D.N.C. Jan. 6, 2015), *aff'd,* 611 F. App'x 146 (4th Cir. 2015) ("A dismissal pursuant to *Heck* falls under Rule 41(b)'s definition of a judgment on the merits."); *Whitfield v. Althoff*, No. 13-CV-3192, 2020 WL 4275256, at *2 (C.D. Ill. July 24, 2020) ("The Court does note that a dismissal based on *Heck* is not based on the merits of the underlying claim.").

Regardless, as Plaintiff has not alleged a change in conditions, the underlying reasoning behind the Michigan court's ruling is still applicable.  The undersigned takes judicial notice of the Michigan court's order and finds that the result is the same here; that is, that Plaintiff's claims for retaliation and malicious prosecution are subject to dismissal pursuant to *Heck* and *Younger*.[5]  *See Rouse*, 2022 WL 4231216, at *6 *report adopted,* 2022 WL 3585719 ("Moreover, if Rouse were to prevail on his retaliation claim in this

---

[5] The Court notes that the Plaintiff's Michigan charge for failing to pay child support remains pending.  *See* https://micourt.courts.michigan.gov/casesearch/court/D41B/case-details?caseId=2021-21-1467SM-FY-01&tenantKey=D41B-50-1867316-00-00&searchUrl=%2Fcourt%2FD41B%2Fsearch%3FfirstName%3Ddonald%26middleName%3D%26lastName%3Drouse%26birthYear%3D0%26caseNumber%3D%26caseYear%3D0%26caseType%3D%26page%3D1 (last visited June 27, 2023).

court, that would render his state court criminal proceedings invalid."); *Rouse*, 2022 WL 3585719, at *6 ("Since the prior criminal proceeding has not terminated in favor of Plaintiff, he cannot meet the fourth element of a malicious prosecution claim, and determination of damages for this alleged Fourth Amendment violation is currently precluded by *Heck.* As such, a claim for malicious prosecution is premature at this time, and the Court will dismiss this claim without prejudice."); *id.* ("Accordingly, the Court finds that it should abstain from exercising jurisdiction over both Plaintiff's retaliation and malicious prosecution claims pursuant to *Younger* and allow Plaintiff to litigate the issue in his state criminal case.").

### *Prosecutorial Immunity*

Turning to Petitioner's argument that the Michigan court's ruling as to Defendant Nessel was only in her official capacity, the Court agrees.[6] "The rule of differing capacities is generally understood to mean that defendants in their official and individual capacities are not in privity with one another for the purposes of res judicata." *Brooks v. Arthur*, 626 F.3d 194, 201 (4th Cir. 2010) (citing Restatement (Second) of Judgments, § 36(2) (1982) ("A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.")).

---

[6] In addressing Plaintiff's argument that he intended to name Defendant Nessel in her official and individual capacity, the Michigan court also stated that "even if [it] were to allow Plaintiff to amend his complaint, Plaintiff's claims still fail on the preceding and following legal bases." *Rouse*, 2022 WL 3585719, at *5. However, this does not appear to be a substantive ruling on the merits.

However, as argued by Defendants in their Motion, Defendant Nessel is entitled to prosecutorial immunity.  In *Imbler v. Pachtman*, the Supreme Court held "that in initiating a prosecution and in presenting the States's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The Court explained that prosecutors should be afforded absolute immunity when their "activities were intimately associated with the judicial phase of the criminal process." *Id.* Here, the claims against Defendant Nessel stem from the performance of her traditional prosecutorial duties. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993). Accordingly, Defendant Nessel is afforded prosecutorial immunity.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court agrees with the recommendation of the Magistrate Judge except to the extent it conflicts with this Order.  Defendants' First Motion to Dismiss [13] is **FOUND as MOOT**.  Defendants' Second Motion to Dismiss [27] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 28, 2023
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.